## LUND'S PETITION.

By the Revised Statutes, chapter 165, section 9, the widow of a deceased intestate, who has left no lineal heirs, is entitled to one half of his real estate, subject to debts, in addition to dower.

PETITION of Mary Lund, representing that she was widow of John Lund, late of Merrimack, deceased; that the deceased was intestate at the time of his death, and left no lineal descendant, but left certain real estate, described in the petition, of which she is entitled to one half, after the payment of the debts and expenses of administration, in addition to her dower; that the said real estate is not needed for the payment of the debts or expenses of administration ; which said real estate is owned and occupied by said Mary Lund, in common with David

Webster, Lucy Webster, Stephen Hutchins, Horatio G. Hutchins, John Lund, John Goodspeed, Mary S. Goodspeed, James Lund, Warren Goodspeed, Sarah P. Goodspeed, Joshua Pierce, Rachel Darrah, Sarah Pierce, David V. Chambers, Betsey H. Chambers, Lucy Wheeler, Jeremiah C. Lund, Nahum S. Lund, and James T. Lund. Wherefore she prays that partition thereof be made, and that a committee be appointed to set off to her her share in said real estate, that she may hold the same in severalty.

*J. U. Parker*, for the petitioner. The Revised Statutes, chapter 165, sections 8 and 9, settle the right of the widow of one who dies intestate and without lineal heirs, to take one half the real estate, subject to the debts, and in addition to dower. Chapter 166, of descents, makes no provision for her out of the real estate.

The intestate here died without descendants.

*Farley*, for the defendants. The statute refers to personal estate only.

GILCHRIST, J. No defence to this petition having been indicated by plea or answer, it will be treated as upon general demurrer.

John Lund died intestate, and without lineal heirs; the petitioner, as his widow, claims, in addition to her dower, one half the real estate described in the petition, of which he died seized, and which is not required for the payment of his debts, or expenses of administration.

The Revised Statutes, chapter 165, sections 8 and 9, make new provisions on the subject of the rights of the widow, in some particulars, but seem to be clear and explicit with respect to the case here presented.

SECTION 8. " The widow of every person deceased testate, leaving no lineal descendant, shall be entitled, in addition

to her dower, to one third part of all the estate remaining after the payment of the debts and expenses of administration, if no provision is made for her by the will of the deceased, or if she shall waive such provision."

Sec. 9.   " If the deceased is intestate, and leaves no such lineal descendant, the widow shall be entitled to one half of all the estate remaining after the payment of the debts and expenses of administration, in addition to her dower."

These provisions were derived from the statute of December 24, 1840, but with some material modifications. There is no ground for supposing that the legislature intended to limit their application to the personal estate, with regard to which similar provisions existed by the law as it has for a long time stood in this State.   N. H. Laws 352, sec. 1.

The petitioner, therefore, appears to be entitled to one half the premises described, in addition to her dower, and the petition must prevail.

*Petition decreed.*